UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAWN CASTAGNA,

                              Plaintiff,

vs.                                               **COMPLAINT**

THE CITY OF NEW YORK,
CAPTAIN KENNETH NOONAN, DECTIVE RIVERA,       **JURY TRIAL**
POLICE OFFICERS JOHN DOE                              **DEMANDED**
                              Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is an action to recover money damages arising out of Defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. The Defendants deprived Plaintiff of her constitutional rights when Defendants, caused the unjustifiable arrest and unlawful confinement of Plaintiff.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

3.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. The Plaintiff Dawn Castagna is and was at all times relevant herein a citizen of the United States, and is and was at all times relevant herein a resident of Staten Island, New York.

5. New York City Police Detective Rivera was at all times relevant herein an officer, employee and agent of the New York City Police Department. Officer Rivera is being sued in his individual capacity.

6. New York City Police Captain Kenneth Noonan was at all times relevant herein an officer, employee and agent of the New York City Police Department. Captain Noonan is being sued in his individual capacity.

7. New York City Police Officer John Doe, shield numbers unknown, was at all times relevant herein an officer, employee and/or agent of the New York City Police Department. Officer John Doe is being sued herein in their individual capacity.

8. At all times relevant herein, the individual Defendants, Detective Rivera and Captain Noonan were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The individual Defendants were each acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9. Defendant City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

10. On March 18, 2014, Plaintiff Dawna Castagna resided at 229 Albourne Avenue, Staten Island, NY 10309.

11. Plaintiff had previously made a complaint to the NYPD about harassment from her former paramour, Robert Consolo. Robert Consolo was employed by the NYPD at the time she made the complaint.

12. Plaintiff complained that Robert Consolo posted false advertisements about her on Craig's List of a sexual nature and included her phone number.

13. On March 18, 2014, Detectives from the 121st precinct came to Plaintiff's home.

14. Plaintiff was taken to the 121st precinct in a police van placing her in the back with someone who was handcuffed. She was fingerprinted and photographed.

15. Plaintiff was placed in an interrogation room. She was also questioned as to why she made complaints against Robert Consolo. At other times she was placed in a cell when she had to use the restroom.

16. Plaintiff was told that she was not free to leave and that they were going to take her to

court.

17.     Plaintiff was not allowed to leave and remained in the precinct for 9 hours.

18.     Finally, after explaining that she needed her medication, she was allowed to leave the precinct. She was never formally charged in court.

19. The arrest of Plaintiff was made without reasonable or probable cause, and was unlawfully made in the home of the Plaintiff without a warrant or exigent circumstances.

20. As a result of the Officer Defendant's unlawful detention plaintiff suffered pain and psychological and emotional trauma.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Rights under § 1983, the U.S. Constitution, andthe Fourth and the Fourteenth Amendments

21. Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 20 with the same force and effect as if more fully set forth at length herein.

22.     By falsely arresting Plaintiff without probable cause, and holding them under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the Officer Defendants deprived Plaintiff of her rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

23.     The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

24. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiffs of their constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

25. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

### SECOND CAUSE OF ACTION

### Municipal Liability Claim Against the City of New York For Failure to Properly Hire, Train, Supervise and Discipline Employees

26. The Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 25 with the same force and effect as if more fully set forth at length herein.

27. Individual Defendants' use of unlawful arrest and detention without probable cause comprised a violation of Plaintiff's civil right to be free of such actions under the Fourth and Fourteenth Amendments to the Constitution.

28. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful seizure and confinement of Plaintiff.

29. Plaintiff submits that she was unlawfully detained in an attempt to intimidate her into dropping criminal allegations that she made again NYPD Officer Robert Consolo.

30. Under this custom, usage, practice or policy, The City of New York:

    (a) encouraged and/or condoned, the use of excessive force, unlawful arrest and detention without probable cause;

    (b) encouraged and/or condoned the practice of using excessive force, detaining

individuals without probable cause, and falsely accusing and arresting individuals;

(c) failed to adequately screen applicants to the New York City Police Department;

(d) failed to investigate, the excessive use of force, unlawful arrest and detentions by the New York City Police Department;

(e) failed to provide adequate training to its New York City Police Department regarding the use of force with emotionally disturbed people, the constitutional limits of force with emotionally disturbed people, the proper use of weapons including handcuffs and the proper method of detaining and arresting emotionally disturbed people.

## JURY DEMAND

31. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages against the individual Defendants, and the City of New York, jointly and severally, together with interest and costs to be determined; and punitive damages against the individual Defendants, jointly and severally.

a. That the Plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

      b.    That the Plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:    March 8 2017
New York, New York

*[signature]*

RICHARD P. REYES, ESQ. (RR 8457)
LAW OFFICE OF RICHARD P. REYES, P.C.
305 Broadway, Suite 101
New York, New York 10011
(917) 572- 8487
Attorney for Plaintiff